<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| EDGAR ACUNA-VIALES, | : | |
| | : | |
| Plaintiff, | : | Civ. No. 24-1048 (GC) (RLS) |
| | : | |
| v. | : | |
| | : | |
| TIMOTHY PASQUALE, et al., | : | **OPINION** |
| | : | |
| | : | |
| Defendants. | : | |

<u>**CASTNER, District Judge**</u>

This matter comes before the Court on Plaintiff Edgar Acuna-Viales' submission of a civil rights complaint ("Complaint") and an application to proceed *in forma pauperis* ("IFP application). (ECF Nos. 1, 1-4, 1-5.) At this time, the Court grants Plaintiff's IFP application and screens the Complaint for dismissal under 28 U.S.C. § 1915(e)(2)(B). For the reasons explained below, the Court dismisses the federal claims pursuant to its screening authority under 28 U.S.C. § 1915(e)(2)(B), declines supplemental jurisdiction over any potential state law claims, and provides leave to submit an amended complaint within 45 days. Because the Court has dismissed the Complaint pursuant to its screening authority, it will also deny without prejudice the motion for pro bono counsel. (ECF No. 2.)

**I.    FACTUAL BACKGROUND & PROCEDURAL HISTORY**

Plaintiff alleges that he was arrested in Union, New Jersey, on or about May 12, 2020, and that the arresting officer, Detective Timothy Pasquale, did not read Plaintiff his rights or allow him to contact his lawyer or his family. (Complaint at 5, 9.) On that date, Pasquale transported Plaintiff

to the Somerset County Jail where he gave Plaintiff an oral DNA test without Plaintiff's consent, a judicial warrant, or his lawyer present, after threatening Plaintiff with charges. (*Id* at 5, 10.)

On May 12, 2020, Pasquale directed Somerville, New Jersey police officers to take Plaintiff to Robert Wood Johnson Hospital without a warrant or Plaintiff's consent. (*Id.*) Plaintiff alleges that Somerville police, who hid their identities from Plaintiff, kept him in custody for six days at Robert Wood Johnson Hospital, from May 12, 2020 through May 18, 2020, and would not permit him to contact his lawyer or his family. (*Id.* at 15.) Plaintiff also alleges that medical staff took a "urine exam" from Plaintiff in the presence of the officers without his consent and also administered a psychological exam without Plaintiff's consent or a court order. (*Id.* at 5, 10.) Hospital staff then transported Plaintiff to an area for "mental health illness" without his consent and without a court order. (*Id.*) On May 13, 2020, in the presence of Somerville police officers, an unidentified individual gave Plaintiff documents in English to sign, which Plaintiff did not understand, and he was refused a translator. (*Id.* at 11.) On May 15, 2020, also in the presence of Somerville police officers, a nurse gave Plaintiff pills for which he did not have a prescription. (*Id.*)

On August 31, 2020, Prosecutor Anne Marie Mueller, Judge Anthony F. Picheca, Jr., and Plaintiff's lawyer agreed to give Plaintiff a second DNA test without his consent. Plaintiff alleges that the parties had a conference call during which they agreed to the DNA test, but he could not hear due to the low volume of the call and his hearing difficulties. (*Id.* at 11.)

Subsequently, on September 10, 2020, two detectives entered the Somerset County Jail with a warrant signed by Judge Picheca to obtain a DNA sample from Plaintiff. (*Id.* at 12.) One of the Detectives was Pasquale. (*Id.*) Plaintiff refused to provide a DNA sample because he had not consented and because the warrant stated that his lawyer must be present. (*Id.*) Pasquale

threatened and intimidated Plaintiff in order to obtain his DNA, telling Plaintiff's he would receive charges in the third degree. (*Id.*) Officers at the Somerset County Jail, including Sergeant Garcia and a female officer, also threatened and intimidated Plaintiff in order to obtain his DNA. (*Id.* at 5.) Garcia told Plaintiff that they would tie him by his feet and hang him in a cell if he refused to take the test. (*Id.* at 12.) The officers also pushed Plaintiff into a chair by his shoulders. (*Id.* at 5, 12.)

On February 2, 2021, Judge Picheca and Plaintiff lawyer, Anthony Cowell, refused to allow Plaintiff to speak on a video conference call, knowing that Plaintiff wished to end Cowell's representation due to Cowell's violations of privilege. (*Id.* at 13.) Judge Picheca knew that Plaintiff wanted to end Cowell's representation because Plaintiff filed a motion notifying the Judge that he wanted to fire Cowell several weeks prior to the call. (*Id.*) Judge Picheca also refused to allow Plaintiff to provide information about his health during the call. (*Id.*)

In November 2021, Plaintiff contracted COVID-19 at the Somerset County Jail, allegedly due to negligence. Plaintiff did not receive medical care and was placed in a disciplinary segregation unit, or "the hole." (*Id.* at 5.) On December 11, 2021, Plaintiff was placed in "the hole" again for 10 days without notice or investigation. (*Id.*)

On September 23, 2022, Judge Julie M. Marino did not allow Plaintiff to speak to Prosecutor Muller in the presence of his sentencing attorney, Mr. Policastro, before he was sentenced, or allow Plaintiff to speak privately to the Judge before he was sentenced. (*Id.* at 13-14.) Plaintiff had important information to tell the Prosecutor regarding crimes committed by the State of New Jersey. (*Id.* at 14.) Judge Marino also "argued" about letters written by Plaintiff weeks prior to his sentencing that contained privileged information, and her argument allegedly put Plaintiff's family in danger. (*Id.*)

Plaintiff seeks damages from Robert Wood Johnson Hospital, Somerset County Jail, and the State of New Jersey.  (*Id.* at 7.)  Plaintiff also asks for "reconsideration of [his] freedom."  (*Id.*)

Plaintiff's Complaint is dated February 16, 2024, and it was docketed on February 22, 2024 (ECF No. 1 at 7), along with his application to proceed *in forma pauperis*.  (ECF Nos. 1-4, 1-5.)  The Court has granted Plaintiff's IFP application and now screens his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## II.     STANDARD OF REVIEW

Under the Prison Litigation Reform Act, Pub. L. 104-134, §§ 801–810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review prisoner complaints when the prisoner is proceeding *in forma pauperis*.  *See* 28 U.S.C. § 1915(e)(2)(B).  The PLRA directs district courts to *sua sponte* dismiss claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  At this early stage of the litigation, the Court accepts the facts alleged in the pro se complaint as true, draws all reasonable inferences in Plaintiff's favor, and asks only whether the complaint, liberally construed, contains facts sufficient to state a plausible claim.  *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice.

4

*Iqbal*, 556 U.S. at 678.  Because Plaintiff is proceeding pro se, the Court construes his allegations liberally.  *See Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III.    DISCUSSION

The Court begins by dismissing with prejudice the § 1983 claims for damages against the State of New Jersey because it is not a person under 42 U.S.C. § 1983.  That statute provides, in relevant part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ...[.]

42 U.S.C. § 1983.  In *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989), the United States Supreme Court held that "[n]either a state nor its officials acting in their official capacities are 'persons' under § 1983."  The Supreme Court further noted, however, that "a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'"  *Id.* at 71 n. 10 (quoting *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14; *Ex parte Young*, 209 U.S. 123, 159–60 (1908)).

Here, the State of New Jersey is a not a person under § 1983, and the damages claims brought pursuant to § 1983 are dismissed with prejudice as to this entity.  Plaintiff also asks for injunctive relief, specifically, "reconsideration of [his] freedom."  (Complaint at 7.)  The Court construes Plaintiff to ask the Court to direct the appropriate official within the State of New Jersey to release him from incarceration or shorten his sentence.  The Supreme Court, however, "has held that a prisoner in state custody cannot use a § 1983 action to challenge "the fact or duration of his confinement."  *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (citing *Preiser v. Rodriguez*, 411 U.S.

475, 489 (1973). Where a prisoner is seeking to set aside his conviction or sentence, "[h]e must seek federal habeas corpus relief (or appropriate state relief) instead." As such, this claim is also dismissed with prejudice in this action and without prejudice to Plaintiff's filing of a habeas petition under 28 U.S.C. § 2254 after he exhausts his state court remedies.

The Court next addresses the timeliness of the § 1983 claims. "Although the running of the statute of limitations is ordinarily an affirmative defense, where that defense is obvious from the face of the complaint and no development of the record is necessary, a court may dismiss a time-barred complaint sua sponte under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim." *Ostuni v. Wa Wa's Mart*, 532 F. App'x 110, 111–12 (3d Cir. 2013); *see also Hunterson v. Disabato*, 244 F. App'x 455, 457 (3d Cir. 2007) ("[A] district court may sua sponte dismiss a claim as time-barred under 28 U.S.C. § 1915A(b)(l) where it is apparent from the complaint that the applicable statute of limitations has run.").

"The amount of time a § 1983 claimant has to bring suit is determined by the personal-injury law of the state where the alleged harm occurred," *Coello v. DiLeo*, 43 F.4th 346, 352 (3d Cir. 2022) (citing *N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010)), and "New Jersey law gives litigants two years to file a personal-injury claim." *Id.* (citing N.J. Stat. Ann. § 2A:14-2); *see also Wallace v. Kato*, 549 U.S. 384, 387 (2007). Courts assess when the limitation period begins to run by "looking to federal law[,]" *see Coello*, 43 F.4th at 352 (citing *Wallace*, 549 U.S. at 388), and "[u]nder that law, a § 1983 claim ordinarily accrues when the plaintiff knows or has reason to know of her injury. *Id.* (citing *Genty v. Resolution Tr. Corp.*, 937 F.2d 899, 919 (3d Cir. 1991)); *see also Montgomery v. De Simone*, 159 F.3d 120, 126 (3d Cir. 1998) ("It is axiomatic that under federal law, which governs the accrual of section 1983 claims, 'the limitations period begins to

run from the time when the plaintiff knows or has reason to know of the injury which is the basis of the section 1983 action.'") (quoting *Genty*, 937 F.2d at 919).

Here, after giving Plaintiff the benefit of the "prison mailbox rule," *see Houston v. Lack*, 487 U.S. 266, 270–71 (1988), his § 1983 claims are largely barred by the two-year statute of limitations. This includes Plaintiff's § 1983 claims arising from his arrest and six-day stay at Robert Wood Johnson Hospital in May 2020, the failure to obtain his consent to conduct DNA testing and psychological evaluations in May 2020, the obtaining of DNA without his consent and outside the presence of his attorney, and the use of excessive force to obtain the DNA in September 2020. Plaintiff's § 1983 claim that he contracted COVID-19 at Somerset County Jail in November 2021 and his § 1983 claims about his placement in "the hole" in September and December 2021 likewise appear untimely because he filed his Complaint more than two years after these incidents. Finally, Plaintiff's § 1983 claim against Judge Picheca and Cowell arising from their refusal to allow him to speak during a status conference on February 2, 2021 also appears time barred because it accrued more than two years before Plaintiff filed his Complaint. Indeed, there are no facts to support equitable tolling of the limitation period or to suggest that any of these claims did not accrue at the time Plaintiff was injured. The Court dismisses each of these § 1983 claims without prejudice as time barred and does not address whether Plaintiff could otherwise state any claims for relief at this time. Because it is possible that Plaintiff could establish a basis for equitable tolling or show that these claims did not accrue at the time he was injured, the Court will provide Plaintiff with leave to amend within 45 days.[1]

---

[1] Although federal law governs when a § 1983 claim accrues, the general rule is that state tolling principles apply to § 1983 claims. *See Hernandez v. Montoya*, 636 F.Supp.3d 511, 517 (D.N.J. 2022) (citation omitted). Generally, "New Jersey courts have found the doctrine of equitable tolling to apply in the following situations: (1) 'where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass;' (2) 'where a plaintiff has

7

Plaintiff also alleges that Judge Marino refused to allow him to speak privately to Prosecutor Muller during Plaintiff's sentencing hearing on September 23, 2023, and that Judge Marino made comments at sentencing about Plaintiff's privileged letters, which allegedly put Plaintiff's family in danger.[2]  It is a "well-settled principle of law that judges are generally 'immune from a suit for money damages.'" *Figueroa v. Blackburn*, 208 F.3d 435, 440 (3d Cir. 2000) (quoting *Mireles v. Waco*, 502 U.S. 9, 11 (1991)).  Further, "immunity will not be lost merely because the judge's action is 'unfair' or controversial." *Gallas v. Supreme Court of Pennsylvania.*, 211 F.3d 760, 769 (3d Cir. 2000).  There are only two ways for judicial immunity to be overcome. "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity . . . . Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11–12; *see also Pinckney v. Bury*, 2023 WL 4108772, at *2 (D.N.J. Jun. 21, 2023) (explaining same).

Based on Plaintiff's allegations, Judge Marino committed the challenged conduct during the course of Plaintiff's sentencing proceeding in her role as the sentencing court.  The Court finds that Judge Marino was acting in her judicial capacity when she refused to permit Plaintiff to speak privately to the prosecutor or to her at sentencing and when she made comments at sentencing about Plaintiff's privileged letters.  There are no facts to suggest that Judge Marino acted in the absence of all jurisdiction.  As such, Judge Marino is entitled to judicial immunity, and the claims

---

in some extraordinary way been prevented from asserting his rights;' and (3) 'where a plaintiff has timely asserted his rights mistakenly by either defective pleading or in the wrong forum.'" *Id.* at 517 (citing *Fahey v. Hollywood Bicycle Center, Inc.*, No. 08-3573, 2009 WL 749856, at *4 (D.N.J. Mar. 18, 2009)).

[2] The Court does not construe Plaintiff to allege that Prosecutor Muller or Mr. Policastro engaged in any wrongdoing during this incident, but Plaintiff is free to clarify his claims if he files an amended complaint.

against her arising from the conduct described above are dismissed with prejudice pursuant to the Court's screening authority under § 1915(e)(2)(B).

It is also possible that Plaintiff is attempting to raise claims under state law. Where a federal court has original jurisdiction over certain claims, it also has supplemental jurisdiction over all other related claims that form part of the "same case or controversy" under Article III of the United States Constitution. 28 U.S.C. § 1367(a); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966) (same). Section 1367 (c)(3) provides that district courts "may decline to exercise supplemental jurisdiction . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." As relevant here, "where the claim over which the district court has original jurisdiction is dismissed before trial, the district court <u>must</u> decline to decide the pendent state law claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) (emphasis in original). "Additionally, the federal court should be guided by the goal of avoiding needless decisions of state law ... both as a matter of comity and to promote justice between the parties." *Gibbs*, 383 U.S. at 726. Here, the Court has dismissed the federal claims at an early stage and declines supplemental jurisdiction over any potential state law claims at this time.[3]

## IV. <u>CONCLUSION</u>

For the reasons explained in this Opinion, the Court grants Plaintiff's IFP application and dismisses the federal claims pursuant to its screening authority under 28 U.S.C. § 1915(e)(2)(B). The damages claims against the State of New Jersey brought pursuant to 42 U.S.C. § 1983 are

---

[3] If Plaintiff submits an amended complaint, he is free to reassert his state law claims. If Plaintiff states one or more federal claims, the Court will address the state law claims at that time.

dismissed with prejudice. The § 1983 claim for injunctive relief seeking to set aside or shorten Plaintiff's criminal sentence is likewise dismissed with prejudice in this action and without prejudice to Plaintiff's filing of a habeas petition under 28 U.S.C. § 2254. The § 1983 claims against Judge Marino arising from her conduct at Plaintiff's sentencing are dismissed with prejudice on the basis of judicial immunity. The remaining claims under § 1983 are dismissed without prejudice as time barred under the two-year statute of limitations. The Court declines supplemental jurisdiction over any potential state law claims at this time. Plaintiff may submit an amended complaint within 45 days if he is able to provide facts in support of equitable tolling or facts showing that one or more of his § 1983 claims accrued within two years of the filing of his Complaint. Because the Court has dismissed the Complaint pursuant to its screening authority, it denies without prejudice the motion for pro bono counsel. (ECF No. 2.) An appropriate Order follows.

DATED: July 2, 2024

_____
GEORGETTE CASTNER
United States District Judge